**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Steven Nietos,

Petitioner,

vs.

Charles L. Ryan, et al.,

Respondents.

CV 14-1905-TUC-FRZ (JR)

**REPORT AND RECOMMENDATION**

Pending before the Court is Steven Nietos's Amended Petition for Writ of Habeas Corpus (Doc. 11) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I. Background**

On October 31, 2012, after a two-day jury trial, Nietos was found guilty of sale and/or transfer of a narcotic drug (cocaine base). Ex. A.[1] On December 3, 2012, the trial court sentenced Nietos to serve 17.75 years in prison. Ex. B. The court stated that the "sentence is comprised of the aggravated sentence of 15.75 years, and an additional 2.0 years because the offense was committed while the defendant was on parole." Ex. B.

On direct appeal, Nietos argued that (1) the trial court had erroneously imposed an additional two years' imprisonment based on the finding that Nietos was on parole when he committed the offense, and (2) that the 17.75 year sentence violated constituted cruel and unusual punishment under the Eighth Amendment. Ex. D. The State agreed with Nietos's first argument, that the matter should be remanded for resentencing, and argued, *inter alia*, that the Eighth Amendment claim was therefore moot. Ex. E. In a Memorandum Decision filed on August 21, 2013, the Arizona Court of Appeals agreed with Nietos and the State that the trial court had erred in concluding that Nietos's parole status at the time of his offense required the trial court to add two years to his sentence. Ex. F. The Court of Appeals vacated the sentence and remanded for resentencing, and therefore found that Nietos's argument that the 17.75 year sentence violated the Eighth Amendment was moot, noting that Nietos had not argued that his sentence, absent the two-year enhancement, would

---

[1] Unless otherwise noted, the referenced exhibits are those attached to the Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. 15).

constitute cruel and unusual punishment. Ex. F. Nietos did not seek review by the Arizona Supreme Court and the mandate issued on October 10, 2013. Ex. G.

On December 19, 2013, the trial court resentenced Nietos to 15.75 years in prison. Ex. H. In its Minute Entry Order, the trial court erroneously stated that Nietos, who had been convicted after a jury trial, had waived his right to a trial and that the determination of guilt was "based upon a plea of guilty." Ex. H.

Through counsel, Nietos filed a Notice of Appeal. Ex. I. Apparently misled by the trial court's misstatement that the determination of guilt was based on a guilty plea, the Court of Appeals issued an Order on February 5, 2014, stating: "It appearing to the court that this appeal is taken from the entry of a plea of guilty or no contest in a non-capital case . . . and such appeal not being permitted, Ariz. R. Crim. P. 17.1(e) . . . [Nietos] may, within ten days, show why this appeal should not be dismissed, and if no showing is made, the appeal will be dismissed." Ex. J. Nietos did not respond to the Court of Appeals' February 5, 2014 Order, and on March 12, 2014, the Court of Appeals dismissed the direct appeal. Ex. K. Nietos filed nothing more and the mandate issued on May 7, 2014. Ex. L.

On February 21, 2014, Nietos, through counsel, filed a Notice of Post-Conviction Relief in which he requested the appointment of counsel. Ex. M. The trial court did not issue any orders regarding the notice and Nietos did not file anything further in that action.

Nietos commenced this action with the filing of his original petition on March 3, 2014 (Doc. 1). He subsequently filed the now pending amended petition on

October 6, 2014. (Doc. 11). Nietos raises four grounds for relief in the amended petition. In Ground One, he claims that sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment and in violation of state law. In Ground Two, he claims that he was drunk at the time of the offense and that his counsel was ineffective. In Ground Three, he claims that his prior convictions were minor, that he has learning disabilities and mental health issues, that he has an alcohol and drug problem and that his counsel was ineffective for failing to file a motion to suppress illegally obtained evidence. In Ground Four, he alleges that the State alleged and the trial court found that he was on parole when he committed the present offense. *Amended Petition*, pp. 6-9.

## II. Discussion

### A. Grounds Two, Three and Four are not cognizable.

#### 1. Grounds Two and Three

Grounds Two and Three of the Amended Petition appear to raise claims of ineffective assistance of trial counsel. In both claims, Nietos provides general references to the law applicable to claims of ineffective assistance of counsel, including references to the Sixth Amendment and *Strickland v. Washington*, 466 U.S. 668 (1984). Additionally, in Ground Two, Nietos offers his version of the events that led to arrest and indicates that, if convicted, "he faces up to thirty-five years," and states that "he was drunk at the time of the offense." *Amended Petition*, p. 7. In Ground Three, he adds that:

> Mr. Nietos[‘s] priors were minor and he also has learning disabilities and mental health issues and has had problems with drugs and alcohol his whole life particularly when he is off of his medication. Mr. Nietos [has not] been treated properly for mental health issues since his adolescence.
>
> Ineffective assistance of counsel that has been successfully raised in habeas corpus proceedings [include] failure to file timely motion to suppress illegally obtained evidences.

*Amended Petition*, p. 8. Respondents contend that these allegations do not state any facts which would support a claim of ineffective assistance of counsel. *Answer*, p. 4.

In his Reply, Nietos does nothing to clear up the confusion. Rather, he introduces an entirely new claim of ineffective assistance of counsel based on counsel’s alleged failure to investigate two alibi witnesses. Of course, claims raised for the first time in a petitioner’s reply brief are deemed waived. *Delgadillo v. Woodford*, 527 F.3d 919, 930 n. 4 (9th Cir. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n. 3 (9th Cir. 2007)). Moreover, although a pro se habeas petition is “given the benefit of liberal construction,” *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), even “a liberal interpretation . . . may not supply . . . [a] claim that [was] not initially pled.” *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to “specify all the grounds of relief” and to “state the facts supporting each ground.” *Mayle v. Felix*, 545 U.S. 644, 649 (2005).

Nietos failed to plead his ineffective assistance of counsel claims with the requisite specificity. In Grounds Two and Three, Nietos offers several points of law and a group of facts, but he does not attempt to explain how those facts constituted

ineffective assistance of counsel or describe what actions his counsel did or did not take that rendered the representation ineffective. Additionally, he has failed to cite any portion of the record that might shed some light on these claims. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) ("clear and repeated" references to argument in appended brief stated claim with sufficient particularity). Without specific claims and facts, a court is unable to determine whether a petitioner's constitutional rights were violated, *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974), and in such circumstances, a court does not err in denying habeas relief, *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). The Court therefore recommends that Grounds Two and Three be dismissed as non-cognizable under 28 U.S.C. § 2254.

**2. Ground Four**

Ground Four suffers from similar shortcomings. Nietos's Ground Four allegations are that:

> The state alleged and the trial court found that Mr. Nietos had committed the present offense while on parole for another offense not while released on bond or escaped.

*Amended Petition*, p. 9. The Court can discern no federal basis for this claim. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (federal habeas corpus relief is not available for errors of state law). Additionally, the record reflects that in his direct appeal, Nietos raised a similar argument, contending that the trial court had erroneously imposed an additional two years' imprisonment based on

the finding that Nietos was on parole when he committed the offense. Ex. D. The record also reflects that the State agreed with Nietos's argument and the Arizona Court of Appeals agreed with Nietos and the State and vacated the sentence and remanded for resentencing. Exs. E, F. The trial court subsequently resentenced Nietos and subtracted the erroneously imposed two years from his sentence. Ex. H. Thus, to the extent that this Ground can be construed as alleging ineffective assistance of counsel, the Court finds Nietos has not presented facts which could even possibly constitute prejudice. In light of Nietos's failure to present a legal or factual basis for this claim, and because the underlying facts show that the State court remedied the sentencing error, the Court recommends that this claim also be found non-cognizable.

**B. Ground One is not exhausted and not subject to review.**

In Ground One, Nietos argues that sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment and in violation of state law. Respondents contend that Ground One of the petition was not properly exhausted and is procedurally barred from habeas review. The Court agrees.

A state prisoner must exhaust his available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir.1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the

claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals, *see Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

Additionally, a state prisoner must not only present the claims to the proper court, but must also present them fairly. A claim has been "fairly presented" if the petitioner has described the operative facts and federal legal theories on which the claim is based. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995). "Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001). A petitioner must alert the state court to the specific federal constitutional guaranty upon which his claims are based, *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001), however, general appeals in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair

trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons*, 232 F.3d at 669. Moreover, it is not enough that a petitioner presented to the state court all the facts necessary to support an inadequately identified federal claim or that a "somewhat similar" state law claim was raised. *Baldwin v. Reese*, 541 U.S. 27, 28 (2004); *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (mere similarity between a claim of state and federal error insufficient to establish exhaustion). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

As Respondents contend, Nietos raised Ground Four in his direct appeal. Ex. D, pp. 12-20. However, because the Court of Appeals granted relief on his sentencing claim, and remanded to the trial court for resentencing, Nietos's claim of cruel and unusual punishment was found to be moot and the appeals court did not address it. Ex. F, p. 4. After remand and resentencing, Nietos did not appeal his reduced sentence of 15.75 years. Thus, Nietos exhausted claim, that his 17.75 year sentence constituted cruel and unusual punishment, is factually different from his present claim that his reduced sentence of 15.75 years constitutes cruel and unusual punishment. As for the latter claim, it was never presented to any Arizona state court and is not exhausted. In his Reply, Nietos does not dispute this conclusion.

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit

into a narrow range of exceptions. *See Ariz.R.Crim.P.* 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart*, 536 U.S. at 860; *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (Rule 32, Ariz.R.Crim.P. is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post conviction proceedings).

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). To establish cause, a petitioner must point to some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004). "[C]ause is an external impediment such as government interference or reasonable unavailability of a claims factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations omitted). Ignorance of the state's procedural rules or lack of legal training do not constitute legally cognizable "cause" for a petitioner's failure to fairly present a claim. *Hughes v. Idaho State Board of*

*Corrections*, 800 F.2d 905, 908-10 (9th Cir. 1986); *Schneider v. McDaniel*, 674 F.3d 1144, 1153 (9th Cir. 2012). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996).

Respondents contend and Nietos does not contradict, that Nietos is procedurally barred from now raising Ground One in State court. *See* Ariz.R.Crim.P. 32.2(a)(3) ("A defendant shall be precluded from relief under [Rule 32] based upon any ground . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.") *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). As such, the merits of the claim need not be addressed unless Nietos establishes cause and prejudice or that a fundamental miscarriage of justice has occurred. Nietos does not argue that cause and prejudice exist in this case and, therefore, the claim is not subject to review.

## III. Recommendation

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Nietos's Amended Petition for Writ of Habeas Corpus (Doc. 11).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Replies shall not be filed without first obtaining leave to do so from the District Court. If any objections are filed, this action should be designated case number: **CV 14-1905-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

Dated this 6th day of November, 2015.

Jacqueline M. Rateau
United States Magistrate Judge